Elliott J. Stein
Bradley L. Mitchell
**STEVENS & LEE, P.C.**
A Pennsylvania Professional Corporation
485 Madison Avenue
20th Floor
New York, New York 10022
(212) 319-8500

*Attorneys for Plaintiff*
*GUTHRIE HEALTHCARE SYSTEM*



## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GUTHRIE HEALTHCARE SYSTEM, a Pennsylvania non-profit corporation, | ) ) ) | Civil Action No.: **1:12-cv-07992-BSJ** |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| CONTEXTMEDIA, INC., an Illinois corporation, RISHI SHAH, an individual, and DOES I through X, inclusive, | ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT

Guthrie Healthcare System (hereinafter, "GUTHRIE"), by its attorneys,

Stevens & Lee, P.C., says as and for its Complaint against ContextMedia, Inc.

(hereinafter, "CMI"), Rishi Shah ("SHAH"), and DOES I through X (hereinafter, "DOES I – X"), inclusive:

<h2 align="center">PARTIES</h2>

1.   GUTHRIE is a Pennsylvania Non-Profit Corporation with its principal offices in Sayre, Pennsylvania.

2.   CMI is an Illinois corporation, with offices in New York and Chicago and is subject to the jurisdiction of this Court.

3.   SHAH is an individual and is the founder and chief executive officer of CMI and is subject to the jurisdiction of this Court.

4.   The identity, organization and location of the DOES are presently unknown but, upon information and belief, all of the Defendants DOES I – X are subject to the jurisdiction of this Court.

<h2 align="center">JURISDICTION AND VENUE</h2>

5.   This is an action for trademark infringement (under federal and common law), for false designation of origin and description in violation of the Lanham Act and for unfair competition and trademark dilution.

6.   This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act)

2

and 28 U.S.C. §1338(a) and (b) (acts of Congress relating to trademarks and pendent competition claims) and 28 U.S.C. §1332(a) (diversity of citizenship) insofar as the amount in controversy exceeds $75,000.00.

7.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(a) and §1391(b).

## FACTS COMMON TO ALL COUNTS

8.     GUTHRIE is a part of a community-based, not-for-profit healthcare system serving the Twin Tier Region of Northern Pennsylvania and Southern New York.

9.     GUTHRIE has, in connection with its business, adopted a number of trademarks, some of which have been registered with the United States Patent and Trademark Office ("USPTO").

10.    Amongst the U.S. Registered Trademarks owned by GUTHRIE is U.S. Registered Trademark No. 3,374,204 (the "REGISTERED TRADEMARK") issued to GUTHRIE on January 22, 2008, specifying "Medical services, namely, hospital, emergency room, nursing home, home infusion, hospice and home health care and nursing services." and depicted below:

3



11.  GUTHRIE has used the REGISTERED TRADEMARK in interstate commerce continuously since at least April 1, 2006.

12.  GUTHRIE has invested substantial sums in promoting the REGISTERED TRADEMARK.

13.  The registration for the REGISTERED TRADEMARK is valid and subsisting.  A copy of the Certificate of Registration is attached as Exhibit A.

14.  The REGISTERED TRADEMARK is highly distinctive and has come to identify and distinguish the services offered by GUTHRIE from services offered by others and to symbolize the source, high quality and reliability of the services offered by GUTHRIE to patients and medical professionals throughout the nation.

15.  The REGISTERED TRADEMARK together with the associated goodwill has become a valuable asset of GUTHRIE and is protected under federal and state law.

4

16. On March 26, 2008, and after the REGISTERED TRADEMARK had issued, CMI applied to the USPTO to register the following trademark:



17. At the time that CMI adopted the trademark "DIABETES HEALTH NETWORK" and Design ("Infringing Trademark No. 1"), CMI knew or should have known that the trademark: (i) incorporated the graphic element that GUTHRIE had already registered as part of the REGISTERED MARK; (ii) was confusingly similar to the REGISTERED MARK and was likely to cause confusion and mistake and to deceive the public; (iii) infringed the REGISTERED TRADEMARK; and (iv) would, when used or registered, damage GUTHRIE.

18. On May 26, 2009, CMI was awarded U.S. Registration 3,625,528 for the trademark "DIABETES HEALTH NETWORK" and Design ("Infringing Registration No. 1).

19. On June 9, 2009, and after the REGISTERED TRADEMARK had issued, CMI applied to the USPTO to register the following trademark:

5

ContextMedia

20.  At the time that CMI adopted the trademark "CONTEXTMEDIA" and Design ("Infringing Trademark No. 2"), CMI knew or should have known that the trademark: (i) incorporated the graphic element that GUTHRIE had already registered as part of the REGISTERED MARK; (ii) was confusingly similar to the REGISTERED MARK and was likely to cause confusion and mistake and to deceive the public; (iii) infringed the REGISTERED TRADEMARK; and (iv) would, when used or registered, damage GUTHRIE.

21.  On January 5, 2010, CMI was awarded U.S. Registration 3,734,197 for the trademark "CONTEXTMEDIA" and Design ("Infringing Registration No. 2").

22.  On November 10, 2010, and after the REGISTERED TRADEMARK had issued, CMI applied to the USPTO to register the following trademark:

6



RHEUMATOID
HEALTH NETWORK
A CONTEXTMEDIA SERVICE

23.   At the time that CMI adopted the trademark "RHEUMATOID HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design ("Infringing Trademark No. 3"), CMI knew or should have known that the trademark: (i) incorporated the graphic element that GUTHRIE had already registered as part of the REGISTERED MARK; (ii) was confusingly similar to the REGISTERED MARK and was likely to cause confusion and mistake and to deceive the public; (iii) infringed the REGISTERED TRADEMARK; and (iv) would, when used or registered, damage GUTHRIE.

24.   On December 6, 2011, CMI was awarded U.S. Registration 4,065,913 for the trademark "RHEUMATOID HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design ("Infringing Registration No. 3").

25.   On June 16, 2011, and after the REGISTERED TRADEMARK had issued, CMI applied to the USPTO to register the following trademark:

7



26. At the time that CMI adopted the trademark "HEART HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design ("Infringing Trademark No. 4"), CMI knew or should have known that the trademark: (i) incorporated the graphic element that GUTHRIE had already registered as part of the REGISTERED MARK; (ii) was confusingly similar to the REGISTERED MARK and was likely to cause confusion and mistake and to deceive the public; (iii) infringed the REGISTERED TRADEMARK; and (iv) would, when used or registered, damage GUTHRIE.

27. The application to register "HEART HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design has been assigned U.S. Serial No. 85/347,842 and is pending ("Infringing Registration No. 4").

28. On October 6, 2011, and after the REGISTERED TRADEMARK had issued, CMI applied to the USPTO to register the following trademark:

8



29. At the time that CMI adopted the trademark "CARDIOLOGY HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design ("Infringing Trademark No. 5"), CMI knew or should have known that the trademark: (i) incorporated the graphic element that GUTHRIE had already registered as part of the REGISTERED MARK; (ii) was confusingly similar to the REGISTERED MARK and was likely to cause confusion and mistake and to deceive the public; (iii) infringed the REGISTERED TRADEMARK; and (iv) would, when used or registered, damage GUTHRIE.

30. The application to register "CARDIOLOGY HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design has been assigned U.S. Serial No. 85/441,164 and is pending ("Infringing Registration No. 5").

31. On October 6, 2011, and after the REGISTERED TRADEMARK had issued, CMI applied to the USPTO to register the following trademark:

9



DERMATOLOGY
HEALTH NETWORK
A CONTEXTMEDIA SERVICE

32.    At the time that CMI adopted the trademark "DERMATOLOGY HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design ("Infringing Trademark No. 6"), CMI knew or should have known that the trademark: (i) incorporated the graphic element that GUTHRIE had already registered as part of the REGISTERED MARK; (ii) was confusingly similar to the REGISTERED MARK and was likely to cause confusion and mistake and to deceive the public; (iii) infringed the REGISTERED TRADEMARK; and (iv) would, when used or registered, damage GUTHRIE.

33.    The application to register "DERMATOLOGY HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design has been assigned U.S. Serial No. 85/441,169 and is pending ("Infringing Registration No. 6").

34.    On October 6, 2011, and after the REGISTERED TRADEMARK had issued, CMI applied to the USPTO to register the following trademark:

10



**SKIN CARE HEALTH NETWORK**

A CONTEXTMEDIA SERVICE

35.     At the time that CMI adopted the trademark "SKIN CARE HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design ("Infringing Trademark No. 7"), CMI knew or should have known that the trademark: (i) incorporated the graphic element that GUTHRIE had already registered as part of the REGISTERED MARK; (ii) was confusingly similar to the REGISTERED MARK and was likely to cause confusion and mistake and to deceive the public; (iii) infringed the REGISTERED TRADEMARK; and (iv) would, when used or registered, damage GUTHRIE.

36.     The application to register "SKIN CARE HEALTH NETWORK – A CONTEXTMEDIA SERVICE" and Design has been assigned U.S. Serial No. 85/441,175 and is pending ("Infringing Registration No. 7").

37.     Infringing Trademark No. 1 through and including Infringing Trademark No. 7, inclusive, are collectively referred to herein as the "Infringing

SL1 1142663v6 033303.00061

Marks" and Infringing Registration No. 1 through Infringing Registration No. 7, inclusive, are collectively referred to herein as the "Infringing Registrations"

38. CMI has, beginning in 2008 and continuing through the present time used the Infringing Marks in interstate commerce with the intention and effect of damaging GUTHRIE.

39. Beginning in or about March 2008 and continuing through the present, CMI, by adopting and/or using the Infringing Marks, has caused purchasers and potential purchasers of its goods and services to believe that they are offered, sponsored, approved by or otherwise connected to GUTHRIE.

40. Upon information and belief, CMI is a closed corporation the conduct of which has, at all times relevant to this action, been controlled by Defendant SHAH and Defendants DOES I – X.

41. Upon information and belief, CMI has, during such period, been the alter ego of Defendant SHAH and Defendants DOES I – X.

42. Upon information and belief, Defendant SHAH and Defendants DOES I – X have, since 2008 and through the present, caused and induced CMI to adopt and use the Infringing Marks and engage in the other conduct complained of herein.

12

43. GUTHRIE never authorized CMI, Defendant SHAH or any of the Defendants DOES I – X to use the REGISTERED TRADEMARK or any reproduction, counterfeit, copy, or colorable imitation thereof for any purpose whatsoever.

44. GUTHRIE has demanded that CMI cease all use of the REGISTERED TRADEMARK but CMI has refused to do so.

45. The actions complained of herein have been committed willfully and wantonly with the intention and knowledge that GUTHRIE would suffer damages, including irreparable damages, as a direct result thereof.

## CAUSES OF ACTION

## COUNT ONE

### INFRINGEMENT OF REGISTERED TRADEMARK
### INFRINGING TRADEMARK NO. 1

46. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. CMI has infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without

13

limitation, the unauthorized use of Infringing Trademark No. 1 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

48. Defendant SHAH and Defendants DOES I – X have induced CMI to infringe and have themselves vicariously and contributorily infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 1 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

49. Such infringement has been direct and indirect, primary and secondary.

50. The Defendants' continued use of the Infringing Trademark No. 1 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK is without the permission or authority of

14

GUTHRIE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

51. The Defendants' continued use of the REGISTERED TRADEMARK or reproduction, counterfeit, copy or colorable imitation thereof in connection with the offering of services has been made notwithstanding GUTHRIE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of GUTHRIE's REGISTERED TRADEMARK including under 15 U.S.C. §1072.

52. The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

53. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

15

## COUNT TWO

### INFRINGEMENT OF REGISTERED TRADEMARK
### INFRINGING TRADEMARK NO. 2

54. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, as though fully set forth herein.

55. CMI has infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 2 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

56. Defendant SHAH and Defendants DOES I – X have induced CMI to infringe and have themselves vicariously and contributorily infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 2 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale,

16

promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

57. Such infringement has been direct and indirect, primary and secondary.

58. The Defendants' continued use of the Infringing Trademark No. 2 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK is without the permission or authority of GUTHRIE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

59. The Defendants' continued use of the REGISTERED TRADEMARK or reproduction, counterfeit, copy or colorable imitation thereof in connection with the offering of services has been made notwithstanding GUTHRIE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of GUTHRIE's REGISTERED TRADEMARK including under 15 U.S.C. §1072.

60. The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling

17

GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

61.     The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

**COUNT THREE**

**INFRINGEMENT OF REGISTERED TRADEMARK
INFRINGING TRADEMARK NO. 3**

62.     GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 61, inclusive, as though fully set forth herein.

63.     CMI has infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 3 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED

18

TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

64. Defendant SHAH and Defendants DOES I – X have induced CMI to infringe and have themselves vicariously and contributorily infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 3 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

65. Such infringement has been direct and indirect, primary and secondary.

66. The Defendants' continued use of the Infringing Trademark No. 3 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK is without the permission or authority of GUTHRIE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

19

67.     The Defendants' continued use of the REGISTERED TRADEMARK or reproduction, counterfeit, copy or colorable imitation thereof in connection with the offering of services has been made notwithstanding GUTHRIE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of GUTHRIE's REGISTERED TRADEMARK including under 15 U.S.C. §1072.

68.     The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

69.     The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

SL1 1142663v6 033303.00061

## COUNT FOUR

### INFRINGEMENT OF REGISTERED TRADEMARK
### INFRINGING TRADEMARK NO. 4

70. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 69, inclusive, as though fully set forth herein.

71. CMI has infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 4 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

72. Defendant SHAH and Defendants DOES I – X have induced CMI to infringe and have themselves vicariously and contributorily infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 4 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale,

21

promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

73. Such infringement has been direct and indirect, primary and secondary.

74. The Defendants' continued use of the Infringing Trademark No. 4 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK is without the permission or authority of GUTHRIE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

75. The Defendants' continued use of the REGISTERED TRADEMARK or reproduction, counterfeit, copy or colorable imitation thereof in connection with the offering of services has been made notwithstanding GUTHRIE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of GUTHRIE's REGISTERED TRADEMARK including under 15 U.S.C. §1072.

76. The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling

SL1 1142663v6 033303.00061

GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

77. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

**COUNT FIVE**

**INFRINGEMENT OF REGISTERED TRADEMARK
INFRINGING TRADEMARK NO. 5**

78. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 77, inclusive, as though fully set forth herein.

79. CMI has infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 5 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED

23

TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

80. Defendant SHAH and Defendants DOES I – X have induced CMI to infringe and have themselves vicariously and contributorily infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 5 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

81. Such infringement has been direct and indirect, primary and secondary.

82. The Defendants' continued use of the Infringing Trademark No. 5 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK is without the permission or authority of GUTHRIE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

SL1 1142663v6 033303.00061

83. The Defendants' continued use of the REGISTERED TRADEMARK or reproduction, counterfeit, copy or colorable imitation thereof in connection with the offering of services has been made notwithstanding GUTHRIE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of GUTHRIE's REGISTERED TRADEMARK including under 15 U.S.C. §1072.

84. The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

85. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

SL1 1142663v6 033303.00061

## COUNT SIX

### INFRINGEMENT OF REGISTERED TRADEMARK
### INFRINGING TRADEMARK NO. 6

86.     GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 85, inclusive, as though fully set forth herein.

87.     CMI has infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 6 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

88.     Defendant SHAH and Defendants DOES I – X have induced CMI to infringe and have themselves vicariously and contributorily infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 6 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale,

26

promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

89. Such infringement has been direct and indirect, primary and secondary.

90. The Defendants' continued use of the Infringing Trademark No. 6 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK is without the permission or authority of GUTHRIE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

91. The Defendants' continued use of the REGISTERED TRADEMARK or reproduction, counterfeit, copy or colorable imitation thereof in connection with the offering of services has been made notwithstanding GUTHRIE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of GUTHRIE's REGISTERED TRADEMARK including under 15 U.S.C. §1072.

92. The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling

27

GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

93. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

**COUNT SEVEN**

**INFRINGEMENT OF REGISTERED TRADEMARK
INFRINGING TRADEMARK NO. 7**

94. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 93, inclusive, as though fully set forth herein.

95. CMI has infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 7 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED

28

TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

96.     Defendant SHAH and Defendants DOES I – X have induced CMI to infringe and have themselves vicariously and contributorily infringed the REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 7 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK in the sale, offering for sale, promotion and advertisement of CMI's goods and services which goods and services are not those of GUTHRIE.

97.     Such infringement has been direct and indirect, primary and secondary.

98.     The Defendants' continued use of the Infringing Trademark No. 7 which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARK is without the permission or authority of GUTHRIE and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

29

99. The Defendants' continued use of the REGISTERED TRADEMARK or reproduction, counterfeit, copy or colorable imitation thereof in connection with the offering of services has been made notwithstanding GUTHRIE's well-known and prior established rights in the REGISTERED TRADEMARK and with both actual and constructive notice of GUTHRIE's REGISTERED TRADEMARK including under 15 U.S.C. §1072.

100. The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

101. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

SL1 1142663v6 033303.00061

## COUNT EIGHT

## UNFAIR COMPETITION
## LANHAM ACT, 15 U.S.C. § 1125(A)

102. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 101, inclusive, as though fully set forth herein.

103. The REGISTERED TRADEMARK, as used in connection with medical services, is distinctive, associated with the high quality of the services offered by GUTHRIE and has become closely associated with GUTHRIE through continuous, extensive and widespread use of the REGISTERED TRADEMARK by GUTHRIE.

104. The Infringing Marks are used by the Defendants to offer services to customers in the medical field.

105. Defendants' use of the Infringing Marks is likely to cause confusion, mistake or to deceive consumers as to the affiliation, connection or association of CMI with GUTHRIE, or to cause confusion, mistake or to deceive consumers as to the source, sponsorship or approval of CMI's services, thereby entitling GUTHRIE to relief under 15 U.S.C. § 1125(a).

31

106. Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of GUTHRIE's rights.

107. The Defendants' continued infringement of GUTHRIE's REGISTERED TRADEMARK has been and continues to be willful, entitling GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

108. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

## COUNT NINE

### FALSE DESIGNATION OF ORIGIN
### LANHAM ACT, 15 U.S.C. § 1125(A)

109. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 108, inclusive, as though fully set forth herein.

SL1 1142663v6 033303.00061

110. Defendants' use in commerce of the Infringing Marks — trademarks that are confusingly similar to the REGISTERED TRADEMARK – as trade names or trademarks for services offered to customers in the medical field constitutes a false designation of origin by creating the appearance and impression that CMI's services are those of GUTHRIE when, in fact, they are not.

111. By engaging in such conduct, Defendants have engaged in false designation of origin and false designation of sponsorship in violation of the Lanham Act, 15 U.S.C. § 1125(a).

112. Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of GUTHRIE's rights.

113. The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling GUTHRIE to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

114. The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the

33

REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

COUNT TEN

COMMON LAW UNFAIR COMPETITION

115. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 114, inclusive, as though fully set forth herein.

116. GUTHRIE has established valuable goodwill in the REGISTERED TRADEMARK.

117. In addition to its rights under the Lanham Act, GUTHRIE has valid common law rights in its trademarks including the trademark which is the REGISTERED TRADEMARK.

118. Defendants' use of the Infringing Marks — trademarks that are confusingly similar to the REGISTERED TRADEMARK — as trade names or trademarks for services offered to customers in the medical field constitutes unfair and unlawful competition with GUTHRIE by Defendant CMI, Defendant SHAH and the Defendants DOES I – X.

34

119. Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of GUTHRIE's rights.

120. The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling GUTHRIE to damages including exemplary and punitive damages.

121. The Defendants' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

## COUNT ELEVEN

### FEDERAL TRADEMARK DILUTION
### LANHAM ACT, 15 U.S.C. § 1125(C)

122. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 121, inclusive, as though fully set forth herein.

SL1 1142663v6 033303.00061

123. The Defendants' continued use of the Infringing Marks – and the registrations wrongfully obtained by Defendants therefor – have damaged and will damage GUTHRIE and have and will cause dilution of the REGISTERED TRADEMARK in violation of 15 U.S.C. § 1125(c).

124. GUTHRIE is entitled to cancellation of the Infringing Registrations as well as damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

**COUNT TWELVE**

**UNJUST ENRICHMENT**

125. GUTHRIE hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 130, inclusive, as though fully set forth herein.

126. By engaging in the aforementioned conduct, the Defendants have been and will be unjustly enriched.

127. The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling GUTHRIE to damages including exemplary and punitive damages.

36

128. The Defendants' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to GUTHRIE, its business, its reputation and goodwill in the REGISTERED TRADEMARK for which GUTHRIE has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, GUTHRIE prays that the Court grant it the following relief:

A.     An award of damages to GUTHRIE, including compensatory, special, exemplary, punitive, statutory and trebled damages (as appropriate to the cause of action) to be assessed, jointly and severally, against CMI, SHAH and the Defendants DOES I – X; and

B.     A preliminary and/or permanent injunction restraining the Defendants, together with its officers, employees, agents, successors and assigns and all others acting for, by, or in concert with any of them, from adopting, using or displaying any trade name or trademark that is confusingly similar with the REGISTERED TRADEMARK including, but not limited to the Infringing Marks; and

37

C. An Order cancelling each of the Infringing Registrations (or denying registration to any Infringing Marks that have not been registered); and

D. An Order requiring the Defendants to account to GUTHRIE for their profits resulting from their unlawful conduct; and

E. An Order requiring Defendants to destroy all materials bearing or incorporating any of the Infringing Marks; and

F. An award of attorneys' fees and costs; and

G. Such other relief as the Court deems just and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: October 19, 2012

Elliott J. Stein (ejs@stevenslee.com)
Bradley L. Mitchell (blm@stevenslee.com)
STEVENS & LEE, P.C.
485 Madison Avenue
20th Floor
New York, New York 10022
(212) 319-8500

*Attorneys for Plaintiff*
*GUTHRIE HEALTHCARE SYSTEM*

38

Exhibit A

Int. Cl.: 44

Prior U.S. Cls.: 100 and 101

United States Patent and Trademark Office

Reg. No. 3,374,204
Registered Jan. 22, 2008

## SERVICE MARK
### PRINCIPAL REGISTER



GUTHRIE HEALTHCARE SYSTEM (PENNSYL-
VANIA CORPORATION)
GUTHRIE SQUARE
SAYRE, PA 18840

FOR: MEDICAL SERVICES, NAMELY, HOSPI-
TAL, EMERGENCY ROOM, NURSING HOME,
HOME INFUSION, HOSPICE AND HOME HEALTH
CARE AND NURSING SERVICES, IN CLASS 44 (U.S.
CLS. 100 AND 101).

FIRST USE 4-1-2006; IN COMMERCE 4-1-2006.

OWNER OF U.S. REG. NO. 2,404,956.

THE COLOR(S) WHITE, GOLD, YELLOW AND
DARK BLUE IS/ARE CLAIMED AS A FEATURE OF
THE MARK.

THE COLOR GOLD APPEARS IN THE RIGHT
QUADRANT OF THE SHIELD. THE COLOR YEL-
LOW APPEARS IN THE RIGHT/LOWER QUAD-
RANT OF THE SHIELD. THE COLOR DARK BLUE
APPEARS IN THE TWO LEFT QUADRANTS OF
THE SHIELD AND IN THE WORDING. THE COLOR
WHITE APPEARS IN THE DESIGN OF A MAN ON
THE SHIELD AND IN THE BACKGROUND.

SN 78-873,310, FILED 5-1-2006.

FRED CARL, EXAMINING ATTORNEY