```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 13, 2016
```

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUTHRIE HEALTHCARE SYSTEM,

                              Plaintiff,

                 v.

CONTEXTMEDIA,
INC., ET AL.,                Defendant(s).
------------------------------------------------------------X

Case No. 12-cv-07992

**CONSENT JUDGMENT AND
PERMANENT INJUNCTION**

THIS MATTER COMES BEFORE the Court on the joint stipulation and consent of the Plaintiff, the Guthrie Healthcare System, now The Guthrie Clinic, ("Guthrie" or "Plaintiff") and the Defendants, ContextMedia, Inc. ("ContextMedia") and Rishi Shah ("Shah"), referred to herein collectively, as the "Defendants", and the Court finding that there is good and sufficient cause for the entry of this Consent Judgment and Permanent Injunction finds, orders and enjoins as follows:

    A. The Court finds as follows:

        (i)    This action was commenced on October 26, 2012 by the filing of the Complaint (the "Complaint") by Guthrie;

        (ii)   In the Complaint, Guthrie seeks injunctive relief and certain damages against Defendants ContextMedia and Shah, for infringement of Plaintiff's U.S. Registered Trademark No. 3,374,204 under the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham

1

Act, 15 U.S.C. § 1125(c) and for related claims of unfair competition and unjust enrichment under the laws of the State of New York;

(iii) Defendants, and each of them, now stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order and decree herein.

B. The Plaintiff and the Defendant irrevocably stipulate and agree to the following facts:

(i) This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendants.

(ii) Venue is proper in this District pursuant to 28 U.S.C. § 1391.

(iii) Plaintiff is the owner of the valid and subsisting United States Trademark Registration No. 3,374,204 (the "Guthrie Mark") on the Principal Register in the United States Patent and Trademark Office, which is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

(iv) Plaintiff has used the Guthrie Mark in commerce continuously since April 1, 2006 in connection with "Medical services, namely, hospital, emergency room, nursing home, home infusion, hospice and home health care and nursing services." (the "Guthrie Services"). ContextMedia delivers health-related content to physician's offices ("ContextMedia Services").

(v) As a result of its widespread, continuous and exclusive use by Guthrie of the Guthrie Mark to identify the Guthrie Services, and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights in and to the Guthrie Mark.

2

(vi) Following Plaintiff's adoption and registration of the Guthrie Mark, Defendants adopted and began using eight (8) trademarks that included a graphic element depicting a stylized man within a shield (the "Graphic Portion of the Marks") which is similar to the Guthrie Mark.

(vii) Of the eight (8) trademarks adopted by ContextMedia, five (5) have been granted U.S. registrations. The U.S. Registration numbers are as follows: (a) 3,625,528; (b) 3,734,197; (c) 4,065,913; (d) 4,786,420 ("ContextMedia Mark VIII"); and (e) 4,893,218 (collectively, the "ContextMedia Registered Marks"). The remaining marks have pending registrations and have been assigned the following Serial Numbers: (a) 85/441,164; (c) 85/441,169; (d) 85/441,175 (the "ContextMedia Pending Marks"). The ContextMedia Registered Marks and the ContextMedia Pending Marks are hereinafter collectively referred to as the "ContextMedia Marks."

(viii) Defendants' continued use of the ContextMedia Marks is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the ContextMedia Services and is likely to deceive the relevant consuming public into believing, mistakenly, that the ContextMedia Services originate from, are associated or affiliated with, or otherwise authorized by Guthrie.

(ix) Defendants, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants consent and agree to the relief granted in this Consent Judgment and Permanent Injunction.

C. IT IS on this ___ day of _____, 2016, ORDERED, ADJUDGED and DECREED that:

 (i) Subject to sub-paragraphs (x) and (xi), Defendants, and each of them, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from directly or indirectly displaying or using the ContextMedia Marks or any trademark that consists of or includes the Graphic Portion of the Marks in any way whatsoever;

 (ii) Not later than June 1, 2019, ContextMedia shall expressly abandon the registrations for all of the ContextMedia Registered Trademarks and voluntarily abandon the applications for all of the ContextMedia Pending Trademarks by filing any required requests therefor with the United States Patent and Trademark Office with copies to Guthrie;

 (iii) ContextMedia shall promptly notify Guthrie of any potentially infringing use of the Guthrie Marks by any third party that they become aware of and advise Guthrie whether ContextMedia intends to pursue trademark infringement litigation in respect thereof;

 (iv) Subject to sub-paragraphs (x) and (xi) and the terms and conditions of this Consent Judgment, Defendants, and each of them, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from directly or indirectly engaging in any activity that infringes Plaintiff's rights

in the Guthrie Mark or any trademark or service mark subsequently adopted by Guthrie that consists of or incorporates the Graphic Portion of the Marks;

(v) Subject to sub-paragraphs (x) and (xi) and the terms and conditions of this Consent Judgment, Defendants, and each of them, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from directly or indirectly engaging in any activity constituting unfair competition with Plaintiff;

(vi) Subject to sub-paragraphs (x) and (xi) and the terms and conditions of this Consent Judgment, Defendants, and each of them, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from engaging in any activity that is likely to dilute the distinctiveness of the Guthrie Mark or any trademark or service mark subsequently adopted by Guthrie that consists of or incorporates the Graphic Portion of the Marks;

(vii) Subject to sub-paragraphs (x) and (xi) and the terms and conditions of this Consent Judgment, Defendants, and each of them, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from directly or indirectly making or displaying any statement, representation or

depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff; or (ii) the Guthrie Services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendants;

(viii) With the exception of the ContextMedia Marks, Defendants, and each of them, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from directly or indirectly registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Guthrie Mark, including, but not limited to the Graphic Portion of the Marks, or any other mark that infringes or is likely to be confused with the Guthrie Mark, or any goods or services of Plaintiff;

(ix) Subject to sub-paragraphs (x) and (xi) and the terms and conditions of this Consent Judgment, Defendants, and each of them, together with all of Defendants' officers, agents, servants, employees, representatives and assigns, licensees and all other persons, firms or companies in active concert or participation with Defendants, are hereby permanently enjoined and restrained from directly or indirectly aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (ix);

(x) Notwithstanding sub-paragraphs (i) through (ix) hereof, ContextMedia may, until June 1, 2017, continue to display and use ContextMedia Mark VIII (only) solely upon digital content created and loaded onto computers or tablets in clinics or hospital locations before the Effective Date;

(xi) Notwithstanding sub-paragraphs (i) through (ix) hereof, ContextMedia may, until June 1, 2017, display the ContextMedia Marks on existing hardware first installed prior to June 1, 2016, but will use its best efforts to cover all the Graphic Portion of the Marks from any existing hardware in the field prior to June 1, 2017. For clarification purposes, this means hardware that may have Context Media Marks located on it by tracking sticker, embossed label or other method demarcating ContextMedia's ownership of the hardware. ContextMedia will send stickers to cover up Graphic Portion of the Marks on any existing hardware and make best efforts to verify that the stickers have been applied to such hardware.

(xii) This Consent Judgment and Permanent Injunction shall remain in full force and effect unless and until modified by order of this Court;

(xiii) This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, successors, assigns and any acquiring companies;

(xiv) If Defendants are found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Defendants agree that Plaintiff shall be entitled to all available relief, including, but not limited to, sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation;

(xv) Pursuant to Federal Rule of Civil Procedure 41(a), the Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction, including the power to award attorneys' fees; and

(xvi) Subject to the foregoing subparagraph, this matter is hereby dismissed.

_____
The Honorable Katherine B. Forrest
UNITED STATES DISTRICT JUDGE

10/13/16

**CONSENTED AS TO FORM AND SUBSTANCE:**

THE GUTHRIE CLINIC

BY: Joseph Scopelliti

TITLE: PResident

CONTEXTMEDIA. INC.

*Brad Purdy*
—23910998CA2E427...
BY: Brad Purdy

TITLE: COO

_____
RISHI SHAH

8